UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                            Case No. 3:24-cr-99(1)

vs.

DEANDRE RAMONE CHATTAMS,        District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT DEANDRE RAMONE CHATTAMS'S REQUEST FOR A HEARING PURSUANT TO *FRANKS v. DELAWARE*, 438 U.S. 154 (1978) (Doc. No. 61)**

---

Defendant Deandre Ramone Chattams was indicted on seven felony counts of drug-related crimes including, among others, conspiracy to possess, and possession with intent to distribute methamphetamine, fentanyl, cocaine, and fluorofentanyl; possession of a firearm in furtherance of a drug trafficking crime; being a felon in possession of a firearm; and using and maintaining a drug premises.  Doc. No. 29.[1]

The case is pending on Defendant's request for a hearing—pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)—to challenge the affidavit presented by one or more law enforcement officials in support of a search warrant application.  Doc. No. 61; Doc. No. 71-4; Doc. No. 71-7.  The Government opposes Defendant's motion.  Doc. No. 71 at PageID 214-16.  Defendant did not file a reply to the Government's opposition motion.  Thus, this matter is ripe for review.

---

[1] The indictment contains a total of 10 felony counts and raises one or more charges against another defendant.  Doc. No. 29.

## I. Background

### A. The Search Warrant Affidavit

On November 4, 2025, Detective Vincent J. Carter ("Detective Carter") of the Dayton Police Department submitted a search warrant application for 1319 West Stewart Street in Dayton, Ohio. Doc. No. 71-4 at PageID 289-297. The application relied, in part, on information obtained from a confidential informant "on or about July 17, 2024." *Id*. at PageID 293; Doc. No. 71-7 (exhibit showing the exact page of the challenged affidavit). A judge in the Dayton, Ohio Municipal Court approved the warrant application and issued a search warrant. Doc. No. 71-4.

### B. Defendant's Motion

Defendant's *Franks* hearing motion explains, "The evidence of record establishes that Detective Vincent J. Carter used recklessly or knowingly false information in an affidavit supporting the application for the search warrant to the aforementioned residence [1319 West Stewart Street Dayton, Ohio,] where drugs and contraband were found." Doc. No. 61 at PageID 171. Defendant alleges "Detective Carter and/or Detective Jeremy Stewart" made the following false statement: "on July 17, 2024[,] Detective Stewart saw Deandre Chattams drive his motor vehicle to the Westside Supermarket located at 2813 Germantown Street Dayton, Ohio 45417." Doc. No. 61 at PageID 172 (cleaned up). Defendant alleges this is false because "[o]n July 17, 2024[,] Defendant was out of town in Miami[,] Florida[.]" *Id.* (cleaned up). Defendant does not provide any exhibits or affidavits to support his assertion that he was in Miami on July 17, 2024. *See generally id.*

## II. Analysis

A presumption of validity attaches to a law enforcement officer's affidavit supporting a search warrant. *Franks*, 438 U.S. at 171; *see United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). To overcome this presumption, a defendant "bears a heavy burden." *Bateman*, 945

F.3d at 1008.

"A *Franks* hearing gives a defendant an opportunity to show that a search-warrant affidavit contains knowing, intentional, or reckless misrepresentations that undermine the finding of probable cause." *United States v. Dutton*, No. 24-5200, 2025 WL 769639, at *4 (6th Cir. Mar. 11, 2025) (citing *Franks*, 438 U.S. at 171). The Court must hold a *Franks* hearing when a defendant: "'1) makes a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) proves that the false statement or material omission is necessary to the probable cause finding in the affidavit.'" *United States v. Young*, 847 F.3d 328, 348-49 (6th Cir. 2017) (quoting *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015)). "A law enforcement officer's statement is only considered to be issued with 'reckless disregard for the truth' if a defendant shows that the affiant subjectively 'entertain[ed] serious doubts as to the truth of his [or her] allegations.'" *Bateman*, 945 F.3d at 1008 (6th Cir. 2019) (quoting *United States v. Cican*, Fed. App'x 832, 835 (6th Cir. 2003)). "Allegations of [an officer's] negligence or innocent mistake are insufficient." *Id*. (citing *Franks*, 438 U.S. at 171). Defendant "must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (citations omitted)

Turning to Defendant's challenge to Detective Carter's search warrant affidavit, Defendant does not accurately repeat the statement he alleges is false. *Compare* Doc. No. 61 at PageID 172 with Doc. No. 71-4 at PageID 293. Detective Carter's affidavit quoted in full states, "*On or about* July 17, 2024[.]" Doc. No. 71-4 at PageID 293 (emphasis added). However, Defendant alleges the affidavit stated, "on July 17, 2024." Doc. No. 61 at PageID 172. By focusing on only July 17, Defendant fails to show that the affidavit's report of Defendant in Dayton near July 17th was false

or based on reckless disregard for the truth. *See Young*, 847 F.3d at 348-49. Defendant also did not provide any "supporting affidavits or explain their absence" to support his argument that he was in Miami on July 17, 2024. *United States v. Bennett*, 905 F.2d at 934; Doc. No. 61 at PageID 172. Accordingly, Defendant has not made a substantial preliminary showing that any statement in Detective Carter's affidavit is false, misleading, or made with reckless disregard for the truth. *See* Doc. Nos. 71-4, 71-7. Consequently, his request for a *Franks* hearing lacks merit. *See Young*, 847 F.3d at 348-49; *Bateman*, 945 F.3d at 1008 ("a defendant must 'point out specifically the portion of the warrant affidavit that is claimed to be false.'" (quoting *Franks*, 438 U.S. at 170)).

### III. Conclusion

Defendant's request for a *Franks* hearing is **DENIED**.

**IT IS SO ORDERED.**

June 18, 2025                                    s/*Michael J. Newman*
                                                 Hon. Michael J. Newman
                                                 United States District Judge