UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 3:24-cr-99(1)

vs.

DEANDRE RAMONE CHATTAMS,

District Judge Michael J. Newman

Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (Doc. No. 109)**

---

In a multi-count indictment in this felony criminal case, Defendant Deandre Ramone Chattams has been charged, in part, with conspiracy to possess with intent to distribute a controlled substance. Doc. No. 9. Before the Court is Defendant's third motion to suppress evidence (Doc. No. 109), as well as the Government's response (Doc. No. 111).

The Court previously heard oral argument by both sides on the merits of the third motion. The motion is thus now ripe for review.

## I. Legal Standards

The Court has previously set forth the legal standards for resolving a motion to suppress and incorporates those standards herein. *See United States v. Piner*, No. 3:21-CR-89, 2022 WL 622133, at **2–3 (S.D. Ohio Mar. 3, 2022).

## II. Analysis

### A. Search Warrant Affidavits

Defendant renews arguments raised in his two previous motions to suppress (Doc. Nos. 45, 60), which the Court denied (Doc. No. 79). Because the current motion (Doc. No. 109) asks the

Court to reconsider Defendant's same previous arguments as to the same search warrant affidavits, the Court considers it a motion for reconsideration. Defendant, however, does not identify any reasons why the Court should revisit its decision. *See Abnet v. Unifab Corp.*, No. 06-2010, 2009 WL 232998, at *3 (6th Cir. Feb. 3, 2009). Thus, Defendant's motion for reconsideration is **DENIED**.

### B. Motion to Suppress Statements

Defendant seeks suppression of any and all of his statements allegedly taken in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Doc. No. 109 at PageID 488–91.[1] The Court has carefully and thoroughly reviewed the parties' motions and memoranda, including the Government's Exhibit 1, a video interview of Defendant after he was taken into custody.

Defendant's motion fails because he does not identify any statement he made to a law enforcement officer that was "the product of interrogation." *Rhode Island v. Innis*, 446 U.S. 291, 299 (1980); *see* Doc. No. 109 at PageID 491. "Any statement given freely and voluntarily without any compelling influence is, of course, admissible in evidence." *Miranda*, 384 U.S. at 478. Thus, Defendant has not shown he made a statement covered by *Miranda*. Accordingly, his motion to suppress is **DENIED**.

### III. Conclusion

For the above reasons, Defendant's third motion to suppress is **DENIED**.

**IT IS SO ORDERED.**

August 18, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge

[1] While Defendant's third motion seeks suppression of statements taken in violation of his rights under the Fifth Amendment, the parties orally stipulated at the suppression hearing to no such violation.